1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID TUGGLE,                              No.  2:14-cv-1680 KJM DAD P

12                 Petitioner,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   M.E. SPEARMAN, Warden,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss

19   the petition as second or successive or, in the alternative, as untimely.

20                                    **BACKGROUND**

21          In his petition, petitioner asserts the following three grounds for relief:  (1) the trial court

22   abused its discretion when it refused to recall and resentence petitioner pursuant to California's

23   Three Strikes Reform Act of 2012; (2) the Three Strikes Reform Act of 2012 violates the Double

24   Jeopardy Clause and the Due Process Clause of the Fourteenth Amendment; and (3) California's

25   Three Strikes Reform Act of 2012 violates the Ex Post Facto Clause.  (Pet. at 7-10)

26   /////

27   /////

28   /////

1

**ANALYSIS**

I. Second or Successive

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In this case, the court is not persuaded by counsel for respondent's argument that the petition pending before this court is second or successive. In his petition, petitioner does not seek to challenge his original 1995 judgment of conviction or the indeterminate sentence of twenty-five years to life in state prison imposed pursuant thereto, which he previously challenged in a federal habeas petition before this court. See Tuggle v. Campbell, No. 2:00-cv-02080 DFL JFM. Rather, petitioner now seeks to challenge a decision of the Sacramento County Superior Court, issued on March 15, 2013, denying his petition for resentencing under California Penal Code § 1170.126. (Resp't's Lodged Doc. 17 (Pet'r's Ex. D)) In this regard, petitioner's claims are not directed at his underlying conviction and sentence, and therefore, the pending petition is not second or successive. See Hill v. State of Alaska, 297 F.3d 895, 897-99 (9th Cir. 2002) ("[T]he Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions."); Benson v. Chappell, No. SACV 14-0083 TJH (SS), 2014 WL 6389443 at *4 (C.D. Cal. Nov. 13, 2014) (where a habeas petition challenges a state court's denial of a motion to reconsider his sentence under Three Strikes Reform Act of

1  2012 the petition is not "second or successive" under § 2244); De La Torre v. Montgomery, No.

2  CV 14-07450, 2014 WL 5849340 at *2 (C.D. Cal. Oct. 7, 2014) (same); Hughes v. People, No.

3  ED CV 14-1745 GAF (DFM), 2014 WL 5089416 at *2 (C.D. Cal. Sept. 10, 2014) (same); Arroyo

4  v. Biter, No. SA CV 14-1284, 2014 WL 4656473 at *1 n.3 (C.D. Cal. Aug. 22, 2014) (same);

5  Johnson v. Davis, No. CV 14-3056 JVS (MAN), 2014 WL 2586883 at *2 (C.D. Cal. June 9,

6  2014) (same). Cf. Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (a petition is not "second

7  or successive" when "there is a new judgment intervening between the two habeas petitions," and

8  the petition challenges the new judgment). In fact, petitioner could not have raised his present

9  claims in his first federal habeas corpus petition given that § 1170.126 had not even become law

10 in California until 2012. Accordingly, the court will recommend that respondent's motion to

11 dismiss the pending petition as second or successive be denied.

12 II. AEDPA Statute of Limitations

13      On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by

14 adding the following provision:

15      (d)(1) A 1-year period of limitation shall apply to an application
16      for a writ of habeas corpus by a person in custody pursuant to the
        judgment of a State court. The limitation period shall run from the
17      latest of –

18          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
19          such review;

20          (B) the date on which the impediment to filing an
            application created by State action in violation of the Constitution
21          or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;

22          (C) the date on which the constitutional right asserted was
            initially recognized by the Supreme Court, if the right has been
23          newly recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or

24
25          (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
26          of due diligence.

27      (2) The time during which a properly filed application for State
        post-conviction or other collateral review with respect to the
28      pertinent judgment or claim is pending shall not be counted toward
        any period of limitation under this subsection.

1   The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

2   after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy,

3   521 U.S. 320, 322-23 (1997).

4       The undersigned is also not persuaded by counsel for respondent's argument that the

5   pending petition is untimely.  Counsel's statute of limitations argument, in both respondent's

6   motion to dismiss and reply, is based on a start date in connection with petitioner's original 1995

7   conviction and related indeterminate sentence of twenty-five years to life in state prison.  As

8   noted above, however, petitioner does not seek to challenge his 1995 judgment of conviction and

9   sentence.  Rather, petitioner seeks to challenge a decision of the Sacramento County Superior

10  Court's which was not issued until March 15, 2013, and which was entered pursuant to

11  California's Three Strikes Reform Act, which became effective on November 7, 2012.  In this

12  regard, counsel for respondent has not properly identified the event that triggered the

13  commencement of the applicable statute of limitations.  Therefore, respondent has not met the

14  burden of demonstrating why the pending petition is time barred.  See Day v. McDonough, 547

15  U.S. 198, 205 (2005) (statute of limitations is not "jurisdictional"); Randle v. Crawford, 604 F.3d

16  1047, 1052 (9th Cir. 2010) (statute of limitations for the filing of habeas petitions is an

17  affirmative defense).  Accordingly, the undersigned will also recommend that respondent's

18  motion to dismiss the pending petition as untimely be denied.

19                                **CONCLUSION**

20      Accordingly, IT IS HEREBY RECOMMENDED that:

21      1.  Respondent's motion to dismiss (Doc. No. 10) be denied; and

22      2.  Within sixty days of any order adopting these findings and recommendations,

23  respondent be directed to file an answer to petitioner's habeas petition, together with all

24  transcripts and other documents relevant to the issues presented in the petition.

25      These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27  after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2    objections shall be filed and served within seven days after service of the objections.  The parties

3    are advised that failure to file objections within the specified time may waive the right to appeal

4    the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    Dated:  April 6, 2015

6

7                                                          DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE
8

9    DAD:9
     tugg1680.157
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28