1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID TUGGLE,                              No. 2:14-cv-1680 KJM CKD P (TEMP)

12                 Petitioner,

13          v.

14   TIM PEREZ, Warden,[1]                      FINDINGS AND RECOMMENDATIONS

15                 Respondent.

16

17          Petitioner is a state prisoner proceeding without counsel with a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the denial of his motion to be

19   resentenced pursuant to California's Three Strikes Reform Act of 2012.  He claims that the trial

20   court abused its discretion under state law in denying his motion and that the Reform Act violates

21   various provisions of the federal constitution.  Upon careful consideration of the record and the

22   applicable law, the undersigned recommends that petitioner's application for habeas corpus relief

23   be denied.

24   /////

---

25   [1]   Previously named as respondent was M. E. Spearman. The court now substitutes in the correct
26   respondent, the Warden of the California Institution for Men, where petitioner is presently
     incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of
27   him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359,
     360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). See also Smith v. Idaho, 392 F.3d
28   350, 355-56 (9th Cir. 2004).

1   **I. Background**

2        In its unpublished memorandum and opinion affirming petitioner's judgment of

3   conviction on appeal, the California Court of Appeal for the Third Appellate District provided the

4   following factual summary of petitioner's underlying crime of conviction:

5              Officer Smith saw defendant speeding on the freeway and stopped
               him for the traffic violation.  After obtaining defendant's license
6              and registration, Smith asked if he was on probation or parole;
               defendant responded that he was on parole.  Smith then asked
7              defendant to step out of the van, and they walked back to Smith's
               patrol car as it was not safe to stand at the roadside near the traffic.
8
               Smith inquired whether defendant had any weapons.  Defendant
9              replied that he "had something he shouldn't have."  Believing
               defendant had a weapon, Smith conducted a pat search, found a set
10             of "brass knuckles" in defendant's back pocket, and arrested him.

11             Following the arrest, Smith searched defendant and found a baggie
               containing .11 grams of methamphetamine in defendant's watch
12             pocket.  Smith estimated that perhaps two minutes elapsed from the
               time he stopped the van until defendant was arrested.
13
               Defendant suffered five prior serious felony convictions in 1986,
14             including two counts of rape (§ 261, subd. (a)(2)), two counts of
               oral copulation with a person under the age of 14 (§ 288a, subd.
15             (c)), and one count of penetration of a genital or anal opening with
               a foreign object (§ 289, subd. (a)).  These offenses involved two
16             different girls at two different times.  Defendant served a separate
               prison term for rape in 1986 and for receiving stolen property (§
17             496) in 1992.

18   (Resp't's Lod. Doc. 2.)

19        Petitioner filed his federal habeas petition in this court on July 16, 2014.  (ECF No. 1.)

20   On September 29, 2014, respondent filed a motion to dismiss the petition as second or successive

21   or, in the alternative, as untimely.  (ECF No. 10.)  By order dated May 27, 2015, respondent's

22   motion to dismiss was denied.  (ECF No. 18.)  Respondent filed an answer on August 26, 2015,

23   and petitioner filed a traverse on October 19, 2015.  (ECF Nos. 21, 25.)

24   **II. Standards of Review Applicable to Habeas Corpus Claims**

25        An application for a writ of habeas corpus by a person in custody under a judgment of a

26   state court can be granted only for violations of the Constitution or laws of the United States.  28

27   U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or

28   /////

1    application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502

2    U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

3        Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas

4    corpus relief:

5

6              An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

7

8              (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

9

10              (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

11

12        For purposes of applying § 2254(d)(1), "clearly established federal law" consists of

13    holdings of the United States Supreme Court at the time of the last reasoned state court decision.

14    Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852,

15    859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  Circuit court

16    precedent "may be persuasive in determining what law is clearly established and whether a state

17    court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606

18    F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen

19    a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme]

20    Court has not announced."  Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013)

21    (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)).  Nor may it be

22    used to "determine whether a particular rule of law is so widely accepted among the Federal

23    Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct.  Id.  Further,

24    where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is

25    "clearly established Federal law" governing that issue.  Carey v. Musladin, 549 U.S. 70, 77

26    (2006).

27        A state court decision is "contrary to" clearly established federal law if it applies a rule

28    contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

1   precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).

2   Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

3   writ if the state court identifies the correct governing legal principle from the Supreme Court's

4   decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Lockyer v.

5   Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002

6   (9th Cir. 2004).  A federal habeas court "may not issue the writ simply because that court

7   concludes in its independent judgment that the relevant state-court decision applied clearly

8   established federal law erroneously or incorrectly.  Rather, that application must also be

9   unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v. Landrigan, 550 U.S. 465, 473

10   (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

11   review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

12   "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

13   'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v.

14   Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

15   Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner

16   must show that the state court's ruling on the claim being presented in federal court was so

17   lacking in justification that there was an error well understood and comprehended in existing law

18   beyond any possibility for fairminded disagreement."  Richter, 562 U.S. at 103.

19          If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

20   court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v. Woodford,

21   527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)

22   (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §

23   2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering

24   de novo the constitutional issues raised.").

25          The court looks to the last reasoned state court decision as the basis for the state court

26   judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

27   If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

28   previous state court decision, this court may consider both decisions to ascertain the reasoning of

4

1  the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a

2  federal claim has been presented to a state court and the state court has denied relief, it may be

3  presumed that the state court adjudicated the claim on the merits in the absence of any indication

4  or state-law procedural principles to the contrary."  Richter, 562 U.S. at 99.  This presumption

5  may be overcome by a showing "there is reason to think some other explanation for the state

6  court's decision is more likely."  Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803

7  (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims but

8  does not expressly address a federal claim, a federal habeas court must presume, subject to

9  rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, ___ U.S. ___,

10  ___, 133 S. Ct. 1088, 1091 (2013).

11      Where the state court reaches a decision on the merits but provides no reasoning to

12  support its conclusion, a federal habeas court independently reviews the record to determine

13  whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v.

14  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is not de novo

15  review of the constitutional issue, but rather, the only method by which we can determine whether

16  a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no

17  reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

18  reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.

19      A summary denial is presumed to be a denial on the merits of the petitioner's claims.

20  Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012).  While the federal court cannot analyze

21  just what the state court did when it issued a summary denial, the federal court must review the

22  state court record to determine whether there was any "reasonable basis for the state court to deny

23  relief."  Richter, 562 U.S. at 98.  This court "must determine what arguments or theories . . . could

24  have supported, the state court's decision; and then it must ask whether it is possible fairminded

25  jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

26  decision of [the Supreme] Court."  562 U.S. at 102.  The petitioner bears "the burden to

27  demonstrate that 'there was no reasonable basis for the state court to deny relief.'"  Walker v.

28  Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## III. Petitioner's Claims

### A. Description of Claims/Procedural Background

Petitioner raises three grounds for federal habeas relief, all relating to the trial court's failure to recall his sentence and resentence him under the Three Strikes Reform Act of 2012 (Reform Act).  In his first ground for relief, petitioner claims that the trial court abused its discretion and violated the Equal Protection and Due Process Clauses of the United States Constitution when it refused to resentence him under the Reform Act.  (ECF No. 1 at 5.)  In his second ground for relief, petitioner claims that the Reform Act violates the Double Jeopardy and Due Process Clauses by "excluding petitioner from relief based on retrospective application of newly designated distinctions."  (Id. at 7.)  In his third ground for relief, petitioner claims that denying him relief under the Reform Act based on the nature of his prior convictions constitutes an illegal Ex Post Facto law because it disadvantages him based on conduct that occurred before the enactment of the Act "without fair warning."[2]  (Id. at 8.)

Petitioner raised these claims for the first time in a petition for writ of habeas corpus, later construed as a motion for resentencing, filed in the California Superior Court.  (Resp't's Lod. Doc. 27.)  The Superior Court rejected petitioner's arguments, reasoning as follows:

> The court has considered the defendant David Tuggle's petition for resentencing pursuant to Penal Code § 1170.126, which was added by the Proposition 36 that was adopted by the electorate at the

---

[2]  The Three Strikes Reform Act of 2012, which amended Cal. Pen. Code §§ 667 and 1170.12 and added Penal Code § 1170.126, created a post-conviction release procedure for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in Cal. Pen. Code § 1170.126 (e), he/she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety.  Cal. Pen. Code § 1170.126; People v. Yearwood, 213 Cal.App.4th 161, 167–168 (2013).

November 6, 2012 election and became effective on November 7, 2012.

Penal Code § 1170.126(f) provides that upon receiving a petition for recall of sentence under Penal Code § 1170.126, the court shall determine whether the defendant satisfies the criteria in Penal Code §1170.126(e).  If the court determines that the defendant does not satisfy the criteria, it appears that the petition is to be denied.

The court has examined the court's underlying file for Case No. 94F09369, and has determined that defendant Tuggle does not satisfy the criteria in Penal Code § 1170.126(e).  Specifically, Penal Code §§ 667(e)(2)(C)(iv) and 1170.12(c)(2)(C)(iv) provide for ineligibility if the defendant has a prior serious or violent felony conviction that was listed in Welf. & Inst. Code § 6600(b), and was committed by force or violence or fear of immediate and unlawful bodily injury on the victim or another person.  Penal Code §§ 261 and 289 are listed Welf. & Inst. Code § 6600(b) offenses.  In Case No. 94F09369, the court found true "strike prior" for two 1986 Penal Code § 261(2) convictions for "rape by force/fear" and one 1986 Penal Code § 289(a) conviction for "sexual penetration with a foreign object with force," all from a prosecution in San Joaquin County Superior Court.  As such, it is clear that defendant is <u>ineligible</u> for Penal Code § 1170.126 resentencing.

Defendant realizes that he is deemed ineligible due to his prior convictions, but argues that he should be deemed eligible for the resentencing despite Penal Code §§ 667(e)(2)(C)(iv), 1170.12(c)(2)(C)(iv), and 1170.126(e).

Defendant first argues that it was not the clear intent of the voters that past sex offenders be ineligible for resentencing.

Not so.  The Voter Information Pamphlet, in the "Official Title and Summary" for Proposition 36, stated that "The measure, however, provides for some exceptions to these shorter sentences. Specifically, the measure requires that if the offender has committed certain new or prior offenses, including some drug-, sex- and gun-related felonies, he or she would still be subject to a life sentence under the three strikes law" in the "Official Title and Summary."  The argument in favor of Proposition 36 clearly stated that "Any defendant who has ever been convicted of an extremely violent crime – such as rape, murder, or child molestation – will receive a 25 to life sentence, no matter how minor their third strike offense."  And, the plain language of the provisions in Proposition 36 is clear, that past violent sex offenders, whose past offenses would qualify as "sexually violent offenses" under Welf. & Inst. Code § 6600(b), are ineligible for resentencing.  The voters were fully aware that more persons than just current non-serious/violent felony offenders were going to be excepted from the relief from "third-strike" sentencing.  The provisions of Proposition 36 are clear and do not conflict with its summary in the voter pamphlet and the ballot arguments, and the court will not rewrite Proposition 36 to provide otherwise.

Defendant also argues that not allowing him to be resentenced under Penal Code § 1170. 126 violates equal protection.

Defendant, however, is not similarly situated to those defendants who are eligible for resentencing, because none of them have past prior convictions of a violent sexual nature.  Regardless, the electorate has a compelling state interest in keeping prior violent sex offenders behind bars for 25 years to life when such offenders commit another felony, as such offenders are reasonably viewed as being particularly dangerous.  Further, such offenders could eventually be evaluated as being a sexually violent predator, under Welf. & Inst. Code § 6600(b), if ever given a parole release date; excluding them from Penal Code § 1170.126 resentencing ensures that that process may go forward in the future, if and when they are ever found to be suitable for parole.  There is no violation of equal protection in their exclusion from eligibility for resentencing.

Defendant also argues that not allowing him to be resentenced under Penal Code §1170.126 violates due process, double jeopardy, and ex post facto laws.

Defendant's sentence, however, was not vacated by the passage of Proposition 36.  Rather, the electorate chose instead to leave already-imposed "third-strike" sentences intact, and instead allow only certain offenders the opportunity to seek recall of sentence and resentencing, if found to be eligible and not to pose an unreasonable risk to public safety if released.  There is no increase in punishment to defendant, in not being included in the category of offenders who are ineligible to seek the relief.

Nor does defendant's ineligibility violate double jeopardy by changing the nature of a qualifying felony, as defendant argues.  Again, defendant remains sentenced to a "third-strike" term; that is not vacated by Proposition 36.  His initial eligibility for the "third-strike" sentence as originally imposed has not been affected by Proposition 36.  All that Proposition 36 does is allow certain offenders already sentenced to a "third-strike" sentence to seek relief from that sentence.  That does not violate due process, double jeopardy, or ex post facto laws.

Defendant also argues that his culpability for the current offense is not aggravated any more by his prior convictions than that which applies to eligible defendants.  Not so.  The electorate determined that prior violent sex offenders are a danger to society and should not be released from their "third-strike sentences; the electorate also determined that such offenders will still remain subject to "third-strike" sentences if they commit any felony in the future.  The safety of society was the primary concern, and the danger posed by sexually violent offenders, whether past or present, was rationally determined by the electorate to affect eligibility for past and future "third-strike" sentencing.  Further, under defendant's argument, the "Three Strikes" law itself would be invalidated because it singles out certain prior offenders to receive recidivist terms for committing any new felony, based on prior culpability.  That argument has long been rejected regarding the "Three Strikes" law

1      itself (<u>See</u> <u>People v. Edwards</u> (2002) 97 Cal.App.4th 161; <u>People v.</u>
<u>Cressy</u> (1996) 47 Cal.App.4th 981; <u>People v. Cooper</u> (1996) 43

2      Cal.App.4th 815; <u>People v. Kilborn</u> (1996) 41 Cal.App.4th 1325).

3      Defendant is <u>ineligible</u> for Penal Code § 1170.126 recall of
sentence and resentencing.  IT IS ORDERED that the petition for

4      Penal Code § 1170.126 recall of sentence and resentencing is
DENIED.

5

6      Defendant also claims that it would be cruel and unusual
punishment for him to continue to be required to pay the restitution

7      fine upon his parole from prison.  As defendant is not eligible for
resentencing and will not be resentenced, the issue is moot.

8   (Resp't's Lod. Doc. 27 at consecutive pgs. 1-3.)

9      On May 5, 2013, petitioner filed a petition for writ of habeas corpus in the California

10  Court of Appeal, challenging the Superior Court's determination that he was ineligible for

11  resentencing pursuant to California Penal Code § 1170.126.  (Resp't's Lod. Doc. 17.)  That

12  petition was summarily denied.  (Resp't's Lod. Doc. 18.)

13      On June 5, 2013, petitioner raised the same claims in a petition for writ of habeas corpus

14  filed in the California Supreme Court.  (Resp't's Lod. Doc. 19.)  That petition was also

15  summarily denied.  (Resp't's Lod. Doc. 20.)

16     **B. Analysis**

17      Although petitioner attempts to frame his claims within the federal constitution, he is

18  essentially challenging the failure of the state courts to resentence him under state law.  As

19  explained above, "it is not the province of a federal habeas court to reexamine state court

20  determinations on state law questions."  <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010) (quoting

21  <u>Estelle</u>, 502 U.S. at 67).  "Absent a showing of fundamental unfairness, a state court's

22  misapplication of its own sentencing laws does not justify federal habeas relief."  <u>Christian v.</u>

23  <u>Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994).  <u>See also</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005)

24  (federal habeas court is bound by the state courts' interpretation and application of state

25  sentencing law); <u>Mullaney v. Wilbur</u>, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate

26  expositors of state law," and a federal habeas court is bound by the state's construction except

27  when it appears that its interpretation is "an obvious subterfuge to evade the consideration of a

28  federal issue").  So long as a sentence imposed by a state court "is not based on any proscribed

1   federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by

2   indigency, the penalties for violation of state statutes are matters of state concern." Makal v.

3   State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).

4          On federal habeas review, the question "is not whether the state sentencer committed

5   state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious"

6   as to constitute an independent due process violation. Richmond v. Lewis, 506 U.S. 40, 50

7   (1992). Petitioner has not demonstrated that the state court's refusal to resentence him under §

8   1170.126 was erroneous, let alone "so arbitrary or capricious" as to violate due process. Both the

9   Superior Court and the California Court of Appeal found that petitioner was ineligible for relief

10  because of the nature of his prior strikes, and this Court is bound by that interpretation of state

11  law. Because petitioner was not entitled to re-sentencing under state law, the failure to grant him

12  such relief could not have deprived him of any federally protected right. See Johnson v.

13  Spearman, No. CV 13-3021 JVS AJW, 2013 WL 3053043, at *3 (C.D. Cal. June 10, 2013)

14  (concluding that because the petitioner was not entitled to resentencing under § 1170.126 under

15  state law based upon the fact that his current second-degree robbery conviction was defined as a

16  serious or violent felony, the state court's denial of his petition to recall his sentence could not

17  have deprived him of any federally protected right).

18         The fact that petitioner has purported to characterize his claims within the federal

19  constitution does not make those claims cognizable on federal habeas review. A petitioner may

20  not "transform a state law issue into a federal one merely by asserting a violation of due process."

21  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.). See also Little v. Crawford, 449 F.3d 1075,

22  1083 n. 6 (9th Cir.2006) (observing that a showing of a possible "'variance with the state law'"

23  does not constitute a federal question, and that federal courts "'cannot treat a mere error of state

24  law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state

25  court on state law would come here as a federal constitutional question.'") (citation omitted). No

26  federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in

27  federal habeas. See, e.g., Holloway v. Price, No. CV 14-5987 RGK (SS), 2015 WL 1607710, at

28  *6–*8 (C.D. Cal. Apr.7, 2015) (holding that petitioner's federal due process and equal protection

1  claims challenging the denial of his application for resentencing under § 1170.126 were

2  noncognizable); Aubrey v. Virga, No. EDCV 12-822-JAK(AGR), 2015 WL 1932071, at *9–*10

3  (C.D. Cal. Apr. 27, 2015) (same); Morgan v. Spearman, No. CV 15-3704-DOC GJS, 2015 WL

4  2452781, at *5 (C.D. Cal. May 21, 2015) (summarily dismissing habeas petition alleging that

5  failure to resentence petitioner under the Reform Act violated the federal constitution, including

6  the Ex Post Facto Clause); Occeguedo v. Dep't of Corr., No. CV 15-1117-DDP(AJW), 2015 WL

7  4638505, at *2 (C.D. Cal. June 24, 2015) (rejecting as noncognizable petitioner's federal due

8  process challenge to state court's denial of his application for resentencing under the Three

9  Strikes Reform Act); Cooper v. Supreme Court of California, No. CV 14-134-CAS(CW), 2014

10  WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (same); De La Torre v. Montgomery, No. CV 14-

11  07450-DMG(DFM), 2014 WL 5849340 (C.D. Cal. Oct. 7, 2014) (same); Hill v. Brown, No. CV

12  14–662–CJC (RNB), 2014 WL 1093041 (C.D. Cal. March 18, 2014) (rejecting as noncognizable

13  petitioner's equal protection challenge to the denial of his § 1170.126 petition to recall his

14  sentence, and summarily denying the federal habeas petition pursuant to Rule 4); Johnson v.

15  Davis, No. CV 14-3056-JVS(MAN), 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014)

16  ("Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126

17  into a claim of a violation of his federal constitutional rights, by conclusory references to 'due

18  process' and 'equal protection,' is unavailing"); Benson v. Chappell, No. SACV 14-0083

19  TJH(SS), 2014 WL 6389443, at *5–*6 (C.D. Cal. Nov.13, 2014) ("Petitioner's status as a

20  prisoner whose prior homicide conviction renders him ineligible for resentencing under

21  Proposition 36 . . . is insufficient to raise an equal protection claim cognizable in federal court).

22       Even considered on the merits, petitioner's federal constitutional claims fail.  The decision

23  of the California Superior Court that the denial of petitioner's request for resentencing under Cal.

24  Penal Code § 1170.126 did not violate petitioner's rights to due process and equal protection or

25  the Ex Post Facto and Double Jeopardy clauses is not contrary to or an unreasonable application

26  of United States Supreme Court authority.  Certainly the Superior Court's decision in this regard

27  is not "so lacking in justification that there was an error well understood and comprehended in

28  /////

11

1   existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103.

2   Accordingly, petitioner is not entitled to relief on these claims.

3   **IV. Conclusion**

4        For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

5   application for a writ of habeas corpus be denied.

6        These findings and recommendations are submitted to the United States District Judge

7   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8   after being served with these findings and recommendations, any party may file written

9   objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11   shall be served and filed within fourteen days after service of the objections.  Failure to file

12   objections within the specified time may waive the right to appeal the District Court's order.

13   <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

14   1991).  In his objections petitioner may address whether a certificate of appealability should issue

15   in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing

16   Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

17   enters a final order adverse to the applicant).

18   Dated:  April 6, 2016

19

20                        CAROLYN K. DELANEY
                           UNITED STATES MAGISTRATE JUDGE

21

22   Tuggle1680.hc (du)

23

24

25

26

27

28